**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 7, 2016

LETTER TO COUNSEL

   RE: *Jolanda Jones v. Commissioner, Social Security Administration*;
     Civil No. SAG-15-2638

Dear Counsel:

  On September 8, 2015, Plaintiff Jolanda Jones petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

  Ms. Jones filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on December 23, 2011. (Tr. 128-35). She alleged a disability onset date of August 31, 2007. *Id.* Her claims were denied initially and on reconsideration. (Tr. 78-81; 82-84). A hearing was held on March 12, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 26-54). During the hearing, Ms. Jones amended her alleged onset date from August 31, 2007, to February 21, 2012. (Tr. 31). Following the hearing, the ALJ determined that Ms. Jones was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 8-25). The Appeals Council denied Ms. Jones's request for review, (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

  The ALJ found that Ms. Jones suffered from the severe impairments of "seizure disorder; bilateral knee degenerative joint disease; morbid obesity; and a mental impairment variously diagnosed as a mood disorder secondary to a general medical condition, learning disorder NOS, cognitive disorder associated with a medical condition, and depressive disorder NOS." (Tr. 14). Despite these impairments, the ALJ determined that Ms. Jones retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: the claimant can occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk for a total of about 6 hours in an 8-hour workday; sit for a total of about 6 hours in an 8-hour workday; frequently climb ramps and

>    stairs, stoop, kneel, crouch and crawl; never climb ladders, ropes, or scaffolds or balance; she requires the ability to alternate between sitting and standing about every 30 minutes; she is limited to performing simple 1-4 step, routine, repetitive tasks in a work environment where there would only be occasional contact with co-workers and supervisors and no contact with the general public.

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Jones could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 21).

Ms. Jones raises two primary arguments on appeal: (1) that the ALJ's holding runs afoul of the 4th Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); and (2) that the ALJ failed to account for Ms. Jones's seizure disorder in the RFC. Pl. Mot. 3-7. I concur that the ALJ's opinion is deficient under *Mascio*, and thus recommend remand to allow compliance with that decision. In recommending remand for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Jones is not entitled to benefits is correct or incorrect.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id*. at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 et. seq., pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. at § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. at § 404.1620a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See*, *e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. at § 12.00(C).


*Jolanda Jones v. Commissioner, Social Security Administration*
Civil No. SAG-15-2638
September 7, 2016

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. at § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id*.

In the instant case, the ALJ found Ms. Jones to have moderate limitations in maintaining concentration, persistence, or pace. (Tr. 16). In support of this finding, the ALJ noted that Ms. Jones's seizures and staring spells cause "confusion for up to two days," and that her medication causes "dizziness and lightheadedness." (Tr. 16, 279). The ALJ also cited Ms. Jones's testimony that "she cannot count money, loses things, and leaves things on like the stove." (Tr. 16). However, the ALJ also noted that Ms. Jones's primary care records do not reveal any abnormal cognitive findings, "regularly list [Ms. Jones] as alert and oriented," and "are not noteworthy for any mention of [Ms. Jones] feeling out of it for days following a seizure." *Id*. In addition, the ALJ noted that Ms. Jones's neurological records describe her as "fully oriented and list[] her memory as moderate." *Id*. In the RFC assessment, the ALJ found that Ms. Jones was limited to carrying out, in relevant part, "simple 1-4 step, routine, repetitive tasks in a work environment where there would only be occasional contact with co-workers and supervisors and no contact with the general public." (Tr. 17).

Here, as in *Mascio*, the ALJ's analysis is simply insufficient to permit adequate review. Ultimately, what is missing from the ALJ's opinion is an explanation as to why the ALJ believed Ms. Jones to have a "moderate limitation" instead of "mild" or "no" limitation in the ability to concentrate and perform work at a sustained pace for a prolonged period. The Commissioner contends that *Mascio* does not apply here because "the ALJ found that Ms. Jones has 'no more than moderate limitations' with respect to concentration, persistence, or pace." Def. Mot. 13 (emphasis in original). This argument is unpersuasive. Federal regulations require that an ALJ "rate the degree of limitation in the first three functional areas (activities of daily living; social

functioning; and concentration, persistence, or pace), [using] the following five-point scale: None, mild, moderate, marked, and extreme." 20 C.F.R. § 404.1520a(c)(4). While the ALJ deviated slightly from this requirement here in finding "no more than moderate limitations," (Tr. 16), the ALJ clearly suggested that Ms. Jones had limitations that would trigger *Mascio*'s mandate that an ALJ account for the limitations in the RFC assessment. Accordingly, the issue under *Mascio*'s framework is that I am unable to ascertain whether the ALJ truly believed Ms. Jones to have moderate difficulties in concentration, persistence, and pace, and how those difficulties restrict her RFC to "simple 1-4 step, routine, repetitive tasks" without further limitation. *Id*. In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the moderate limitation under the dictates of *Mascio*.

Ms. Jones also makes the additional argument that the ALJ failed to account for her seizure disorder in the RFC. Pl. Mot. 6-7. In considering the entire record, I find that the ALJ's RFC determination was supported by substantial evidence. Most significantly, the ALJ noted that Ms. Jones's testimony was "vague as to how often she has her convulsive seizures" and contained "numerous contradictions" regarding the symptoms of her staring spells. *Id*. For example, Ms. Jones testified that she has "confusion for up to two days" following a seizure, yet her neurological records make no mention of such symptoms. (Tr. 16, 19, 277-97). Ms. Jones also testified that she had four to five seizures a month, yet the ALJ cited self-contradictory statements in the medical record concerning the number of seizures she experienced in between visits, and "the representative argued that [Ms. Jones] average[d] a seizure or two a month." (Tr. 19, 277-90). Moreover, the ALJ noted that Ms. Jones's medical records lacked "evidence of any abnormal diagnostic findings," and that her neurological exams and CT scans were normal. (Tr. 19). Ultimately, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under that standard, the ALJ's analysis is premised on substantial evidence.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

<div style="text-align: right;">Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge</div>